# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TIMOTHY ELIJAH FAISON,<br><br>*Plaintiff*,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:19-cv-00228-TES |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING WILCOX STATE PRISON TO PRODUCE PLAINTIFF'S ACCOUNT CERTIFICATION

Plaintiff Timothy Elijah Faison, an inmate currently confined at Wilcox State Prison, in Abbeville, Georgia, brings this civil rights action under 42 U.S.C. § 1983 alleging, *inter alia*, that the Georgia Department of Corrections ("GDC") violated the Eighth Amendment when it failed "to abide by its own . . . Rules and Regulations" in the transportation of high-risk prisoners. [Doc. 1 at ¶¶ 1, 5, 45]. This purported failure allowed two "high[-]risk" inmates, after boarding a prisoner transport bus, to "pick[ ] their shackles and handcuffs," "break through the prison bus gate and seize the guards' firearm [*sic*]," murder two prison employees, and escape custody. [*Id.* at ¶¶ 5, 27–28].

Plaintiff alleges that the GDC further violated its Rules and Regulations when it failed to search prisoners on the transportation bus in order to prevent the picking of

handcuff locks and door locks, left firearms exposed and available to prisoners, and confined Plaintiff to solitary confinement without cause. *See* [*id.* at ¶¶ 4, 7, 35–37]. Specifically, during the events that occurred on June 13, 2017, Plaintiff's Complaint alleges verbatim that he "struck his head trying to move to the back of the bus and avoid the violence on the prison bus" and "slipped and fell breaking one of his teeth." [*Id.* at ¶ 6]. Plaintiff also claims that he "suffered Post Traumatic Stress Syndrome and other psychiatric maladies yet to be identified" as a result of the incident itself and his subsequent "unlawful . . . solitary confinement" "in deplorable conditions" for 120[1] days. [*Id.* at ¶¶ 6, 45].

In its most general sense, however, Plaintiff's Complaint [Doc. 1] alleges that "Defendants' actions and inactions proximately caused the injuries herein stated to Plaintiff Fasion and are in violation of the Eighth Amendment of the United States Constitution, Georgia State Law and Georgia Department of Corrections and other department rules and regulations." [*Id.* at ¶ 45]. Aside from this general allegation of an Eighth Amendment violation—based on deliberate indifference—Plaintiff also appears to assert negligence claims based on Defendants' alleged failure to comport with the GDC's Standard Operating Procedures. [*Id.*].

In any case, Plaintiff has filed two motions contemporaneously with his

---

[1] It is unclear how many days Plaintiff spent in solitary confinement. In paragraph 6 of his Complaint, he lists 120 days, but elsewhere he alleges that he was in "solitary confinement without cause for 210 days." [Doc. 1 at ¶¶ 6, 37].

2

Complaint: (1) Motion for an Order to Allow Inmate to Receive Account Certification from the Georgia Department of Corrections [Doc. 2] and (2) Motion for Leave to Proceed *In Forma Pauperis* ("IFP") [Doc. 4]. As discussed in more detail below, the Court **GRANTS** Plaintiff's Motion for an Order to Allow Inmate to Receive Account Certification from the Georgia Department of Corrections [Doc. 2].

### I. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915, upon a showing that a plaintiff is unable to pay the filing fees associated with initiating a civil suit, the Court may permit that plaintiff to proceed without prepayment of the fees, or stated differently, be given IFP status. Here, Plaintiff is incarcerated and submitted an affidavit in which he swears that he has no income or significant assets to pay the required filing fee. *See generally* [Doc. 4]. However, Plaintiff has been unable to secure his Account Certification as mandated by federal law when moving to proceed IFP. In an attempt to secure this certification, Plaintiff filed the previously-mentioned Motion for an Order to Allow Inmate to Receive Account Certification from the Georgia Department of Corrections in hopes to have the Court compel Wilcox State Prison to produce the required documentation related to his prisoner account. [Doc. 2 at pp. 2-3].

> Under 28 U.S.C. § 1915(a)(2)
>
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the

3

> 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

While Plaintiff must eventually fully pay the Court's filing fee, it is clear that he is not at fault in his inability to supply the Court with the required information regarding his trust account. *Cf. Thomas v. Butts*, 745 F.3d 309, 312–13 (7th Cir. 2014) (holding that a district court errs when it dismisses an inmate's suit for non-payment of a filing fee without determining whether the prisoner is at fault in not supplying what the court required from the inmate's trust account); *Wilson v. Sargent*, 313 F.3d 1315, 1320 (11th Cir. 2002) (discussing that a prisoner's failure to pay a filing fee may be due to circumstances beyond his control). Here, according to Plaintiff, he has properly requested his Account Certification so that he may file it with his IFP Motion, but his request has been unsuccessful. *See* [Doc. 2 at pp. 2–3]; *see also* [Doc. 2-1].

Because Plaintiff is incarcerated and because prisoners "rely on the custodial institution," to transmit and timely process requests related to trust account information, the Court will not penalize Plaintiff's failure to supply a completed Account Certification. *Thomas*, 745 F.3d at 313. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 4].

As previously mentioned, Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in 28 U.S.C. § 1915(b). The district court's filing fee is not refundable, regardless of the outcome of the case, and must

therefore be paid in full even if Plaintiff's Complaint is dismissed prior to service. For this reason, the Clerk is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

    A.    <u>Directions to Plaintiff's Custodian</u>

Because Plaintiff has now been granted IFP status in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    B.    <u>Prisoner's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior nonpayment of the filing fee. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments

5

justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of 28 U.S.C. § 1915.

## II. Frivolity Review Under 28 U.S.C. §§ 1915(e) and 1915A

After the Court grants IFP status it is obligated to proceed with a screening of a plaintiff's complaint to ensure that it states a claim for which relief may be granted. *See* 28 U.S.C. §§ 1915(e)[2]; *see also* 28 U.S.C. § 1915A(b). Current Eleventh Circuit precedent provides that "[a] district court may dismiss *sua sponte* a complaint if it is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting 28 U.S.C. § 1915A(b)(1)). Frivolous claims are those which "lack[ ] an arguable basis either in law or in fact." *Id.* (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

To this end, the Prison Litigation Reform Act ("PLRA"), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss

---

[2] The Eleventh Circuit determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. U.S.*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam).

those claims whose factual contentions are clearly baseless." *Miller*, 541 F.3d at 1100 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In *Neitzke*, the United States Supreme Court held that "it is evident that the failure-to-state-a-claim standard of [Federal Rule of Civil Procedure] 12(b)(6) and the frivolousness standard of [28 U.S.C. § 1915(e)(2)] were devised to serve distinctive goals, and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter." 490 U.S. at 326.

In order to survive frivolity review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing within Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "*any set of facts* that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

On the other hand, frivolity review under the PLRA, has a separate function— designed to discourage the filing of, and waste of judicial and private resources upon,

baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing a civil action. *Id.* Even though Federal Rule of Civil Procedure 12 and 28 U.S.C. § 1915(e) along with 28 U.S.C. § 1915A all counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

As the Supreme Court noted in *Neitzke*, "[c]lose questions of federal law, including claims filed pursuant to 42 U.S.C. § 1983, have on a number of occasions arisen on motions to dismiss for failure to state a claim." *Id.* As such, "[i]t can hardly be said that the . . . legal claims raised in [this case are] so defective that they should never have been brought at the outset." *Id.* To term Plaintiff's claims as "frivolous," at this stage, would distort the PLRA's "meaning of frivolousness both in common and legal parlance." *Id.* at 328–29. That said, even after a cursory review of Plaintiff's Complaint, it is clear that he narrowly complied with Federal Rule of Civil Procedure 10, thus making this required review near impossible to complete. Nevertheless, as stated above, his Complaint alleges that Defendants, in addition to violating the Eighth Amendment of the United States Constitution, violated state law as well as various GDC policies such as Standard Operating Procedure IIB09-0001, 222.10 (IV)(B), and potential others by allowing violent

prisoners to be transported with non-violent prisoners. [Doc. 1 at ¶¶ 23, 36–37, 45].

As to the Eighth Amendment, the Supreme Court has squarely held that the amendment's proscription against cruel and unusual punishment not only protects prisoners from violence at the hands of jailors, but it also imposes upon jailors a duty "to protect prisoners from violence at the hands of other prisoners." *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). However, a defendant is liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Because the allegations of Plaintiff's Complaint are barely sufficient to state a plausible claim for relief at this stage of the proceedings, Defendants may respond to his allegations. *See Iqbal,* 556 U.S. at 678, *supra*. Thus, Plaintiff may proceed with his Eighth Amendment claims against Defendants. His remaining claims, despite his scarce indications to which state statutes or rules he alleges that Defendants violated are nonetheless allowed to proceed—assuming they are not barred by the PLRA's requirement to exhaust administrative remedies or the Eleventh Amendment and to the extent he has a private right of action to enforce state statutes or regulations.

III. <u>Conclusion</u>

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 4] and his Motion for an Order to Allow Inmate to

Receive Account Certification from the Georgia Department of Corrections [Doc. 2]. Therefore, the Court **DIRECTS** Wilcox State Prison to produce a fully-completed Account Certification for Timothy Elijah Faison to his attorney of record, Theodore Salter, Jr., at 112 Townpark Drive, Suite 040, Kennesaw, Georgia, 30144, within 14 days of the date of this Order. Upon service of a summons and the Complaint, or upon any waiver thereof, Defendants must file an Answer, or such other response as may be appropriate under Federal Rule of Civil Procedure 12, 28 U.S.C. § 1915, and the PLRA. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Federal Rule of Civil Procedure 4(d).

    **SO ORDERED**, this 14th day of June, 2019.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**
